James J. Pisanelli, Esq., Bar No. 4027
jjp@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
mmm@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

Michael A. Albert (*pro hac vice* forthcoming)
Hunter D. Keeton (*pro hac vice* forthcoming)
Susmita A. Gadre (*pro hac vice* forthcoming)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax
malbert@wolfgreenfield.com
hkeeton@wolfgreenfield.com
sgadre@wolfgreenfield.com

*Attorneys for Defendant Geotab USA, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WIRELESSWERX IP LLC, | CASE NO.:  2:23-cv-01769 |
| Plaintiff, | **GETOAB USA, INC.'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND MEMORANDUM IN SUPPORT** |
| v. | |
| GEOTAB USA, INC., | |
| Defendant. | **(ORAL ARGUMENT REQUESTED)** |

1

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

I.      INTRODUCTION .................................................................................................... 1

II.     FACTUAL BACKGROUND.................................................................................... 3

III.    LEGAL STANDARDS ............................................................................................ 5

    A.   Motion To Dismiss Under Rule 12(b)(6)........................................................... 5

    B.   Motion To Dismiss Under Patent Law ............................................................... 6

IV.     ARGUMENT............................................................................................................ 7

    A.   The Complaint Fails To State a Plausible Claim of Infringement................................. 7

        1.   The  Self-Contradictory Allegations on the Material "Sending a Command" Limitation Fail To Plausibly Assert Infringement ..........................8

        2.   WirelessWerx's Reliance on Screenshots and  Conclusions Cannot Survive a Motion To Dismiss ...................................................................12

            a.   WirelessWerx Fails To Plausibly Allege How Geotab USA Meets the "Programming a Microprocessor…" Limitation ....................13

            b.   WirelessWerx Fails To Plausibly Allege How  Geotab USA Meets the "Loading from a Computing  Device…" and "Sending a Command…" Limitations.................................................................15

        3.   The Complaint Fails To State a Claim for Indirect Infringement......................18

    B.   The '037 Patent Is Invalid................................................................................ 19

    C.   The Complaint Should Be Dismissed With Prejudice.............................................. 23

    D.   Notice of Intent To Pursue Rule 11 Sanctions........................................................ 23

V.      CONCLUSION ..................................................................................................... 24

i

1

## TABLE OF AUTHORITIES

2

**CASES**

3

*01 Communique Lab., Inc. v. Citrix Sys., Inc.,*
   889 F.3d 735 (Fed. Cir. 2018)..................................................................... 7, 21, 23

4

5

*ABB Turbo Sys. AG v. Turbousa, Inc.,*
   774 F.3d 979 (Fed. Cir. 2014)............................................................................. 5

6

7

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
   797 F.3d 1020 (Fed. Cir. 2015)..................................................................... 6, 14

8

*Anderson v. Kimberly-Clark Corp.,*
   570 F. App'x 927 (Fed. Cir. 2014) ....................................................................... 6

9

10

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)................................................................................. passim

11

12

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)................................................................................. passim

13

14

*Bot M8 LLC v. Sony Corp. of America,*
   4 F. 4th 1342 (Fed. Cir. 2021) ..................................................................... passim

15

16

*CG Tech. Dev., LLC v. Double Down Interactive, LLC,*
   No. 16-858, 2017 WL 58574 (D. Nev. Jan. 4, 2017)......................................... 7, 19

17

18

*Chapterhouse, LLC v. Shopify, Inc.,*
   No. 18-300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ............................... 12, 13

19

20

*Cleveland Clinic Found. v. True Health Diagnostics LLC,*
   760 F. App'x 1013 (Fed. Cir. 2019) .................................................................. 10

21

22

*Commil USA, LLC v. Cisco Sys., Inc.,*
   720 F.3d 1361 (Fed. Cir. 2013)................................................................. 2, 7, 22, 23

23

24

*Curver Luxembourg, SARL v. Home Expressions, Inc.,*
   938 F.3d 1334 (2019)................................................................................. 7, 20, 22

25

*Data Engine Techs. LLC v. Google LLC,*
   906 F.3d 999 (Fed. Cir. 2018)......................................................................... 10

26

27

*Erickson v. Neb. Mach. Co.,*
   No. 15-1147, 2015 WL 4089849 (N.D. Cal. July 6, 2015) .................................. 20

28

ii

*Feeder v. Nevada*,
No. 22-941, 2023 WL 5017297 (D. Nev. Aug. 4, 2023) ................................................ 23

*Golden v. Qualcomm Inc.*,
No. 2023-1818, 2023 WL 6561044 (Fed. Cir. Oct. 10, 2023) .................................... 17

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ....................................................................................... 19

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
589 F.3d 1233 (Fed. Cir. 2009) ................................................................................. 20, 22

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
572 U.S. 915-21 (2014) ................................................................................................ 6, 18

*Metricolor LLC v. L'Oreal S.A.*,
791 F. App'x 183 (Fed. Cir. 2019) ................................................................................ 10

*NetSoc, LLC v. Chegg Inc.*,
No. 18-10262, 2020 WL 7264162 (S.D.N.Y. Dec. 10, 2020) ....................................... 2

*Ottah v. Bracewell LLP*,
No. 2022-1876, 2022 WL 16754378 (Fed. Cir. Nov. 8, 2022). .................................... 8

*Ottah v. Fiat Chrysler*,
884 F.3d 1135 (Fed. Cir. 2018) ................................................................................. 8, 12

*Peters v. Active Mfg. Co.*,
129 U.S. 530 (1889) ........................................................................................................ 20

*Pintado v. Maywood Police Dep't*,
No. 18-991, 2020 WL 591310 (D. Nev. Feb. 6, 2020) ................................................ 23

*Silver State Intell. Techs., Inc. v. FourSquare Labs, Inc.*,
No. 12-1308, 2013 WL 5437363 (D. Nev. Sep. 26, 2013) ........................................... 18

*Teliax Tech. LLC v. Affinity Network, Inc.*,
636 F. Supp. 3d 1199 (D. Nev. 2022) ............................................................................. 6

*Traxcell Tech. v. AT&T Corp.*,
No. 17-718, D.I. 520 (E.D. Tex. Mar. 29, 2022) ........................................................... 2

*Traxcell Tech. v. Huawei Techs. USA Inc.*,
No. 17-41, 2017 WL 6559256 (E.D. Tex. Dec. 21, 2017) ............................................ 2

*Under A Foot Plant, Co. v. Exterior Design, Inc.*,
   No. 14-1371, 2015 WL 1401697 (D. Or. Mar. 24, 2015) ........................................ 20

*Valve Corp. v. Ironburg Inventions Ltd.*,
   8 F.4th 1364 (Fed. Cir. 2021) ............................................................................... 20

*Vampire Fam. Brands, LLC v. MPL Brands, Inc.*,
   No. 20-9482, 2021 WL 4134841 (C.D. Cal. Aug. 6, 2021) .................................... 10

*WirelessWerx IP, LLC v. Raytheon Techs. Corp.*,
   No. 22-1059 (W.D. Tex.) ......................................................................................... 17

*WPEM, LLC v. SOTI Inc.*,
   No. 18-156, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ........................................... 2

**RULES**

35 U.S.C. § 102 ............................................................................................................. 2, 7

35 U.S.C. § 103 ............................................................................................................... 11

35 U.S.C. § 271 ................................................................................................... 3, 6, 7, 18

Fed. R. Civ. P. 8(a) ........................................................................................................... 5

iv

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Geotab USA, Inc. ("Geotab USA" or "Defendant"), respectfully moves to dismiss Plaintiff WirelessWerx IP, LLC's ("WirelessWerx" or "Plaintiff") complaint (ECF No. 1, "Comp.") for failing to state a valid claim of patent infringement.  This motion is based on all pleadings and papers on file, the following memorandum of points and authorities, and its supporting materials.

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

**I.      INTRODUCTION**

Geotab USA requests that the Court dismiss WirelessWerx's complaint because it provides no factual allegations supporting a plausible claim for patent infringement.  Instead, WirelessWerx supplies only generic, conclusory, and self-contradictory infringement allegations based on screenshots from Geotab USA's webpage without explaining ***how*** Geotab USA allegedly practices the elements of the asserted patent claim.  This is not enough to meet the *Iqbal/Twombly* standard, especially for the "sending a command" limitation appearing in all claims, which was added during prosecution and is material to defining the scope of the asserted patent.  WirelessWerx alleges this limitation requiring a server "sending a command ***to*** the transponder" located in a vehicle is supposedly met by the accused device in a vehicle allegedly sending information ***from*** the transponder ***to*** the server.  Comp., Ex. B at 7.[1]  That is the exact ***opposite*** of what the claim requires.  As the complaint's "factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim," and WirelessWerx has literally "***pleaded itself out of court***."  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F. 4th 1342, 1354 (Fed. Cir. 2021) (un-bolded emphasis original).

---

[1] Geotab USA adds emphasis and omits quotations and citations, except as noted.

1

WirelessWerx's allegations of indirect infringement are faulty for the same reason. These allegations fail to plead a necessary element because WirelessWerx identifies no direct infringer on which to base a case for indirect infringement against Geotab USA.

Similarly, even if WirelessWerx's infringement allegations were not self-contradictory and in fact were correct—though they are not—Geotab has been selling the accused GO devices for decades, including years before WirelessWerx applied for its patent.  Hence even under WirelessWerx's theory of the case, the accused activity would anticipate the claims, and render the patent invalid under 35 U.S.C. § 102.  A plaintiff cannot plausibly allege infringement of an invalid claim.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013) ("It is axiomatic that ***one cannot infringe an invalid patent***.").  As with WirelessWerx's self-contradictory infringement allegations, all this information was public and easy to find.

WirelessWerx's claims of infringement are baseless across the board and brought only to harass Geotab USA.  This is not the first time that counsel for WirelessWerx filed meritless patent infringement claims, as courts across the country have repeatedly sanctioned WirelessWerx's counsel for similar conduct.[2]  The pleadings here are just as faulty, and Geotab USA expects to pursue Rule 11 sanctions.  The complaint should be dismissed with prejudice.

---

[2] *See, e.g., Traxcell Tech. v. AT&T Corp.*, No. 17-718, D.I. 520 (E.D. Tex. Mar. 29, 2022) (awarding $132,046.50 in attorneys' fees for pursuing unsupported infringement theories, filing meritless motions, and disregarding the court's reasoning); see also *id.,* D.I. 532 (Sep. 30, 2022) (amending award to $489,710.00); D.I. 519 (Mar. 29, 2022) (awarding $784,529.16 on same grounds); D.I. 535 (Nov. 10, 2022) (affirming award); *WPEM, LLC v. SOTI Inc.*, No. 18-156, 2020 WL 555545, at *6 (E.D. Tex. Feb. 4, 2020) (admonishing plaintiff for failing to conduct reasonable pre-suit investigation), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020); *Traxcell Tech. v. Huawei Techs. USA Inc.*, No. 17-41, 2017 WL 6559256, at *4-6 (E.D. Tex. Dec. 21, 2017) (awarding fees to defendant because of plaintiff's "unintelligible" infringement contentions); *NetSoc, LLC v. Chegg Inc.*, No. 18-10262, 2020 WL 7264162, at *5 (S.D.N.Y. Dec. 10, 2020) (awarding fees for asserting infringement based on claim not in asserted patents).

## II.     FACTUAL BACKGROUND

On June 23, 2023, WirelessWerx filed a complaint against Geotab USA,[3] alleging that Geotab's "GO" vehicle tracking devices infringe at least independent claim 1 of U.S. Patent No. 8,009,037 (the "'037 Patent").[4]  Comp.  at ¶¶ 17-22 & Exs. A-B.  Claim 1 recites:

> [1P] A method to wirelessly manage an entity having a transponder, comprising:
>
> [1A] loading from a computing device to a transponder's memory a plurality of coordinates;
>
> [1B] programming a microprocessor in the transponder to define a geographical zone by creating an area on a pixelated image using said plurality of coordinates, wherein said area is representative of a geographical zone; and
>
> [1C] sending a command to the transponder to execute a configurable operation upon receiving a command from a control center, the command being associated with a status of the entity in relation to the geographical zone.

'037 Patent (Comp. Ex. A), Claim 1.

The threadbare direct infringement section of the complaint spans six short paragraphs without any supporting factual allegations of direct infringement, the first five of which state:

- "Defendant has, under 35 U.S.C. §271(a), directly infringed… at least claim 1 of the '037 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products."  Comp. at ¶ 17.

- "Defendant has made no attempt to design around the claims of the '037 Patent." *Id.* at ¶ 18.

- "Defendant did not have a reasonable basis for believing that the claims of the '037 Patent were invalid."  *Id.* at ¶ 19.

---

[3] WirelessWerx, a Texas company, initially filed in the District of Colorado, even though Geotab USA's headquarters and sole place of business is in Nevada.  The case was later transferred to this district as Colorado is an improper venue.  D.I. 31.

[4] The website listed in the Complaint's definition of "Accused Products" leads to a website page that cannot be found.  Comp. at ¶ 15. For purposes of this motion, Geotab USA presumes this is a typo and that WirelessWerx meant to link to https://www.geotab.com/vehicle-tracking-device/, which describes the Geotab GO devices.  Ex. B.

- "Defendant's Accused Products are available to businesses and individuals throughout the United States…, including in this District." *Id.* at ¶ 20.

- "WirelessWerx has been damaged as the result of Defendant's infringement." *Id.* at ¶ 21.

These five paragraphs are silent on how the Accused Product practices "at least claim 1 of the '037 Patent," let alone any other claim.  In its sixth and final paragraph, WirelessWerx alleges "[t]he claim chart attached hereto as Exhibit B describes how the elements of an exemplary claim 1 from the '037 Patent are infringed by the Accused Products." *Id.* at ¶ 22.  But Exhibit B lacks any description of how the Accused Products infringe the '037 Patent. Instead, that "claim chart" includes only screenshots from Geotab's website about the GO devices and lacks any description relevant to the '037 claims.  Nor does WirelessWerx describe how those screenshots show alleged infringement. In essence, WirelessWerx's complaint and claim chart expect this Court and Geotab USA to **figure it out themselves**. This is the antithesis of Rule 8 and the *Iqbal/Twombly* standard.

WirelessWerx only includes screenshots containing intermittently-underlined photographs of the Accused Products and the website with no description of "how the elements of an exemplary claim 1... are infringed by the Accused Products," as WirelessWerx claims. *Id.* at ¶ 22.  Instead, the text below each screenshot simply states, "Geotab has a…" or "[t]he reference describes…," followed by a word-for-word repetition of the claim language:

4

Comp., Ex. B at 4-7.  Neither the complaint nor its Exhibit B has any description explaining how the Accused Products infringe claim 1 of the '037 Patent, nor do they have any identification of which entity performs each limitation of the claim.

## III.    LEGAL STANDARDS

### A.    Motion To Dismiss Under Rule 12(b)(6)

A complaint "must contain… a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a complaint needs to set forth enough facts to state a plausible claim, such that the defendant has fair notice of the claim and its grounds.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 984 (Fed. Cir. 2014).  The allegations must not

5

1  be conclusory or mere recitals of claim elements.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

2  (2009); *Twombly*, 550 U.S. at 555; *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931-32

3  (Fed. Cir. 2014).  Instead, allegations are enough only if (unlike here) there is a reasonable

4  inference, not just a ***sheer possibility***, that the defendant is liable for the alleged misconduct.  *See*

5  *Iqbal*, 556 U.S. at 678; *Anderson,* 570 F. App'x at 931; *Teliax Tech. LLC v. Affinity Network,*

6  *Inc.*, 636 F. Supp. 3d 1199, 1205-06 (D. Nev. 2022) (Silva, J.) (granting motion to dismiss).

7

8      **B.      Motion To Dismiss Under Patent Law**

9           Geotab USA moves to dismiss on both patent infringement and invalidity grounds.  On

10  direct infringement, *i.e.*, infringement under 35 U.S.C. § 271(a), it is not enough to simply

11  "recit[e] the claim elements and merely concluding that the accused product has those elements."

12  *Bot M8*, 4 F.4th at 1353.  "There must be some factual allegations that, when taken as true,

13  articulate why it is plausible that the accused product infringes the patent claim."  *Id.*  Greater

14  detail is required for material claim limitations.  *Id.*  Further, a plaintiff will have "***pleaded itself***

15  ***out of court***" if its infringement allegations contradict the actual claim language.  *Id.* at 1354.  A

16  plaintiff must also plausibly allege that "all steps of a claimed method [like claim 1 here] are

17  performed by or attributable to a single entity."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*,

18  797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*).

19           On indirect infringement, like inducement under 35 U.S.C. § 271(b) or contributory

20  infringement under § 271(c), a plaintiff must plausibly plead an underlying act of ***direct***

21  infringement by some third party, as "there can be no indirect infringement without direct

22  infringement."  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 920-21 (2014).  It

23  must also plausibly plead the defendant's knowledge of the patent and the infringement

24  accusation, and the underlying facts.  *See CG Tech. Dev., LLC v. Double Down Interactive, LLC*,

25

26

27

28

6

No. 16-858, 2017 WL 58574, at *3 (D. Nev. Jan. 4, 2017).

On invalidity, "[i]t is axiomatic that ***one cannot infringe an invalid patent***." *Commil*, 720 F.3d at 1368.  Invalidity includes anticipation by the prior art under 35 U.S.C. § 102, where a product pre-dating the patent discloses all the claim limitations.  Courts use "the same test to determine anticipation and infringement," and "[t]hat which infringes, if later, would anticipate if earlier." *Curver Luxembourg, SARL v. Home Expressions, Inc.*, 938 F.3d 1334, 1342 (2019).  Where, as here, the plaintiff applies its claims broadly to read on an accused device, "***this same broad construction will read on the prior art***," including prior art versions of that same device (as with Geotab USA's early devices here). *01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742-43 (Fed. Cir. 2018).  In such situations, it is virtually impossible for the plaintiff to "simultaneously establish infringement and evade invalidity." *Id.*

## IV.     ARGUMENT

### A.     The Complaint Fails To State a Plausible Claim of Infringement.

To state a claim for direct infringement, WirelessWerx must plead facts showing that "without authority [Geotab USA] makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States [WirelessWerx's] patented invention." 35 U.S.C. § 271(a).  The complaint fails to set forth a plausible claim, even after its few non-conclusory allegations are presumed true.  First, WirelessWerx's positions often ***contradict*** the claim limitations, and its reliance on screenshots and repetition of the claim language is not enough to survive a Rule 12 motion.  That failure infects all allegations of infringement.  Second, WirelessWerx fails to allege that the steps of claim 1 of the '037 Patent are performed by, or attributable to, a single entity.  Such a failure requires dismissal.  And third, the Complaint is devoid of any allegation of direct infringement upon which indirect infringement could be based.

7

1

2

**1.      The  Self-Contradictory Allegations on the Material "Sending a Command" Limitation Fail To Plausibly Assert Infringement.**

3      To plausibly plead infringement of claim 1, WirelessWerx must explain in detail how the

4   "sending a command" limitation (limitation [1C]) is infringed because that limitation is material

5   to practicing the asserted claim, and is a complex limitation.  *See Bot M8*, 4 F.4th at 1353 (level

6   of detail required to plead infringement varies based on "the materiality of any given element to

7   practicing the asserted claim(s)" and "the complexity of the technology.").  In *Ottah v. Fiat*

8   *Chrysler*, for example, the Federal Circuit affirmed dismissal where the asserted claim was

9

10  narrowed during prosecution to require a "book holder" that was "removably attached," but the

11  plaintiff's infringement allegation did not plausibly allege how either of those claim limitations

12  was met.  884 F.3d 1135, 1141-42 (Fed. Cir. 2018); *see also Ottah v. Bracewell LLP*, No. 2022-

13  1876, 2022 WL 16754378, at *1 (Fed. Cir. Nov. 8, 2022).

14

15      Instead of the requisite detailed pleading, WirelessWerx pled no facts, only conclusions

16  to be disregarded under *Iqbal*.  All WirelessWerx provides is a screenshot of partially-underlined

17  text from Geotab USA's website and a conclusory statement that it "describes" the limitation:

18

19

20

21

22

23

24

25

26

27

28

| US8009037 B2<br>Claim 1 | Geotab GO |
|---|---|
| sending a command to the transponder to execute a **configurable operation upon receiving a command from a control center**, the command being associated with a status of the entity in relation to the geographical zone. | Animation requires a series of key events to happen.<br><br>1. Before the vehicle location data comes to the map, it must travel from the vehicle through the cellular network to the server.<br><br>2. Then the data goes through optic-fibre to the MyGeotab servers, where we check if this data is trustworthy and whether there any fleet rules it violates.<br><br>3. Finally, this device location is delivered over wifi or ethernet network to the browser, where it is animated.<br><br><br><https://www.geotab.com/blog/truth-behind-live-gps-tracking/><br><br>The reference describes sending a command to the transponder to execute a configurable operation upon receiving a command from a control center, the command being associated with a status of the entity in relation to the geographical zone. |

Comp., Ex. B at 7 (highlighting added).  Not only are these allegations insufficient, they in fact *contradict* the claims' language.  The limitation requires "sending a command *to* the transponder [a device in the vehicle] to execute a configurable operation upon receiving a command *from* a control center [e.g., the server]."  Comp. at ¶¶ 17-22, '037 Patent at 26:66-67.  The command itself is associated with the "status of the entity [the vehicle] in relation to the geographical zone."  *Id.* at 27:1-2.  However, the image Plaintiff uses in its chart actually shows the opposite.  Comp., Ex. B at 7.  As shown in the highlighted section above, instead of a command being sent *from* a server *to* a transponder in the vehicle (presumably alleged to be the GO device), the text states that "the vehicle location data… must travel *from* the vehicle through the cellular network *to* the server."  *Id.*  There is no indication of any command associated with the location being

sent *to* the GO device or of the GO device taking any action after receiving a command, but rather the GO device itself is sending data to the server without receiving any such instruction.

Because the limitation says the *opposite* of what WirelessWerx asserts the accused system does, these allegations "render[] [its] infringement claim *not even possible, much less plausible*," and WirlessWerx has "*pleaded itself out of court*."  *Bot M8*, 4 F.4th at 1354 (affirming dismissal where plaintiff's allegations "actually allege[d] away from infringement… and reveal[ed] an inconsistency that is fatal to its infringement case."); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (affirming dismissal as plaintiff did not adequately plead infringement where accused product indisputably had an "open hole at the base of the bottle" which contradicted the "air-tight seal" required by the claims).  An infringement allegation that is *literally impossible* simply cannot satisfy Plaintiff's burden under *Iqbal*.

Even apart from this self-contradiction, the law requires that WirelessWerx provide more than it has, for two other reasons.  First, the "sending a command" limitation was material to defining the scope of the '037 Patent, as reflected in the patent's public prosecution history on the United States Patent and Trademark Office's ("USPTO") Patent Center website, https://patentcenter.uspto.gov/.  Courts may take judicial notice of such government records on a motion to dismiss, as "relevant prosecution histories are 'public records' properly considered at the pleadings stage."  *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 760 F. App'x 1013, 1018 (Fed. Cir. 2019).[5]

---

[5] *See also Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (reversing district court's refusal to consider prosecution history on Rule 12 motion as "[p]rosecution histories constitute public records"); *Vampire Fam. Brands, LLC v. MPL Brands, Inc.*, No. 20-9482, 2021 WL 4134841, at *1 (C.D. Cal. Aug. 6, 2021) ("A court may take notice of government documents and records obtained from reliable sources, such as… the USPTO"; taking judicial notice of USPTO documents on Rule 12(b)(6) motion).

In response to a Non-Final Office Action, WirelessWerx amended limitation [1C] from "programming the microprocessor in" to "***sending*** a command ***to***":

> ~~programming the microprocessor in~~ <u>sending a command to</u> the transponder to execute a configurable operation upon receiving a command from a control center…

'037 File History, May 12, 2011 Amendment, Ex. C at 3.  WirelessWerx stated that claim 1 has been amended "to better define the invention for which protection is sought." *Id.* at 12.  It also argued that "[t]he claims, as amended, overcome the rejections of 35 U.S.C. § 103," and "[n]one of the [prior] art teaches, discloses or suggests these features." *Id.*  The Examiner then allowed the patent to issue. '037 File History, July 15, 2011, Notice of Allowance and Fee(s) Due, Ex. D at 5-6.  Hence this limitation was material to the claims issuing, requiring a greater level of detail in infringement allegations, but the complaint provides next to nothing. *Bot M8*, 4 F.4th at 1353.

Second, the "sending a command" limitation recites a software method (as opposed to a simple, tangible technology) wherein a command is sent to the transponder to execute a configurable operation upon receiving a command from a control center.  '037 Patent, claim 1. This is not a limitation for which website screenshots alone are enough to plead a plausible claim or, relatedly, to put Geotab USA on notice.  Still, WirelessWerx's underlined text (that data must "travel from the vehicle through the cellular network to the server" (Comp., Ex. B at 7)) has nothing to do with the "sending a command" limitation. It does not support that the Accused Products "send[] a command to [a] transponder to execute a configurable operation upon receiving a command from a control center" or "the command being associated with a status of [an] entity in relation to the geographical zone," as claim 1 recites.

For each of these reasons, WirelessWerx must provide more detailed pleadings to plausibly allege infringement and meet the *Iqbal/Twombly* standard.  *See Bot M8*, 4 F.4th at

1    1353; *Ottah v. Fiat Chrysler*, 884 F.3d at 1141-42.  As it does not—and as discussed below it

2    cannot—the case should be dismissed with prejudice.

3              **2.    WirelessWerx's Reliance on Screenshots and**
              **Conclusions Cannot Survive a Motion To Dismiss.**

4

5              Because the complaint itself contains only conclusory allegations of infringement as to all

6    the claim limitations, WirelessWerx can only rely on its Exhibit B "claim chart" in support. But

7    that chart is itself conclusory because WirelessWerx provides screenshots from a single website

8    and an assertion that the website describes the corresponding claim language verbatim.  Nowhere

9    does WirelessWerx allege **which** elements of the '037 Patent claims are met by **which** aspects of

10   the accused Geotab USA system, and there is not enough information in the cited website to

11   draw a reasonable inference about WirelessWerx's allegations.  For example, while claim 1

12   recites as its basic elements "a computing device," "a transponder," "a transponder's memory,"

13   "a microprocessor," and "a control center," nowhere does WirelessWerx allege—other than in

14   conclusory fashion—that the Accused Products have any, or all, of those basic elements, let

15   alone the more complex elements like "programming a microprocessor," "loading from a

16   computing device," and "sending a command," discussed in more detail below.

17

18             WirelessWerx's complaint and claim chart are like those dismissed in *Chapterhouse v.

19   Shopify* for their failure to state a plausible patent infringement claim.  *Chapterhouse, LLC v.

20   Shopify, Inc.*, No. 18-300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018).  As here, *Chapterhouse*

21   involved software and electronic systems and a complaint that served as a claim chart by

22   "break[ing] [an] exemplary claim into individual elements with 'supporting' screenshots." *Id.*,

23   2018 WL 6981828, at *2.  Like WirelessWerx's claim chart here, the *Chapterhouse* complaint

24   supplemented its "supporting screenshots" with a conclusory statement that the accused product

includes the associated element of the asserted claim.  *Id.*  The *Chapterhouse* court dismissed, as this Court should here, by finding that the combination of the screenshots and the conclusory statements of infringement did not pass the *Iqbal/Twombly* standard: "While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."  *Id.* Regurgitation of the claim language was not enough to give further support because each, "on its own, is a mere conclusory statement, and in order to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations."  *Id.*  There were none there; there are none here.

Further, even if the Court accepted the conclusory statements and screenshots in WirelessWerx's complaint and claim chart as true, the complaint should still be dismissed because it ***still*** alleges no facts that the Accused Products practice every element of the claims.

a.      **WirelessWerx Fails To Plausibly Allege How Geotab USA Meets the "Programming a Microprocessor…" Limitation.**

Limitation [1B] requires "programming a microprocessor in the transponder to define a geographical zone by creating an area on a pixilated image using said plurality of coordinates, wherein said area is representative of a geographical zone."  '037 Patent at 26:61-65.  All WirelessWerx gives is a map image and assertion that "[t]he reference describes" the limitation:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20  Comp., Ex B. at 6.  Nothing in this screenshot (or the associated web link) describes anything

21  about "programming a microprocessor" or "defin[ing] a geographical zone… using [a] plurality

22  of coordinates."  Instead, the screenshot shows a basic map.  WirelessWerx's claim chart, even if

23  taken as true, still fails to "articulate why it is plausible that the accused product infringes the

24  patent claim."  *Bot M8*, 4 F.4th at 1353.  It also fails to allege that any entity performs this

25  method step, let alone that Geotab USA does, which is another reason for dismissal.  *See*

26
27  *Akamai*, 797 F.3d at 1022 (plaintiff must plausibly allege that "all steps of a claimed method are

28

14

performed by or attributable to a single entity").

    **b.**  **WirelessWerx Fails To Plausibly Allege How
Geotab USA Meets the "Loading from a Computing
Device…" and "Sending a Command…" Limitations.**

  WirelessWerx provides the following screenshots containing the same text (with slightly different underlining) as support for the "loading from a computing device" and "sending a command" limitations (limitations [1A] and [1C]):

Comp., Ex. B at 5, 7.

Limitation [1A] requires "loading from a computing device to a transponder's memory a plurality of coordinates." '037 Patent at 26:59-60. Yet the screenshot only underlines "the vehicle location data comes to the map," a computing device that loads coordinates to the transponder (ostensibly the GO device), and instead describes how the device itself sends location data to the server—which is not the claim.

For limitation [1C], the "sending a command" limitation, the screenshot only underlines the language that the data must "travel from the vehicle through the cellular network to the server," and circles the diagram below. Again, WirelessWerx leaves the burden on the Court and Geotab USA to fill in the gaps as to how these this underlined text and diagram satisfy the claim language. Indeed, for both limitations [1A] and [1C] the screenshots cannot do so, as at most they disclose data being sent ***from*** the vehicle device ***to*** the server, not ***to*** the vehicle device from the server as these limitations require. *See* Section IV.A.1 above.

16

Underneath the screenshots, WirelessWerx again merely repeats word-for-word the claim language without providing any factual allegations linking the screenshot to the claim language, just as it did for the "programming a microprocessor" limitation (limitation [1B]).

In sum, WirelessWerx's allegations do not provide Geotab USA with any detail about how the systems actually infringe the '037 Patent.  This lack of detail does not meet the required standard.  *See Bot M8*, 4 F.4th at 1353 (affirming dismissal because complaint's allegations were "conclusory, merely track[ed] the claim language, and do not plausibly allege" infringement of the relevant limitations); *Golden v. Qualcomm Inc.*, No. 2023-1818, 2023 WL 6561044, at *2 (Fed. Cir. Oct. 10, 2023) (affirming district court judgment finding plaintiff did not adequately plead patent infringement, noting that "the complaint did not adequately explain *how* those products infringe the asserted patent claims.") (emphasis original).  Hence WirelessWerx did not plead (let alone plausibly plead) that Geotab USA practices any limitations.

This is also not the first time WirelessWerx has made insufficient infringement allegations on the '037 Patent.  WirelessWerx previously asserted this patent against Raytheon, which similarly moved to dismiss.  As in the complaint here, WirelessWerx also used screenshots of the accused product's website and repeated claim language, with no further explanation of how the Raytheon supposedly infringed.  Shortly after the briefing closed, WirelessWerx agreed to dismiss.  *See WirelessWerx IP, LLC v. Raytheon Techs. Corp.*, No. 22-1059 (W.D. Tex.), Motion to Dismiss (Mar. 2, 2023, D.I. 13); Reply to Response to Motion (Mar. 23, 2023, D.I. 19); Notice of Voluntary Dismissal (June 5, 2023, D.I. 25); Order re: 25 (June 6, 2023, D.I. 26); all attached as Exs. E-H.  Filing another lawsuit on the same patent without more fleshed-out allegations shows that this litigation is also frivolous.  *See Golden v. Apple Inc.*, No. 2023-1161, 2023 WL 3400595, at *2 (Fed. Cir. May 12, 2023) (affirming

17

dismissal where the "allegations lack[ed] an arguable basis in law or fact and… [plaintiff] has yet to cure the deficiencies in his allegations," despite asserting same patent in other suits).

### 3.       The Complaint Fails To State a Claim for Indirect Infringement.

WirelessWerx's complaint does not bring a count for indirect infringement, but cursorily states that "[o]n information and belief, Defendant directly and/or *indirectly* develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States" and that "Defendant has committed or *induced* acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District."  Comp. at ¶ 3, 11.  Yet WirelessWerx does not include indirect infringement in its causes of action or prayer for relief; it does not mention any specific type of indirect infringement, such as inducement or contributory infringement under 35 U.S.C. § 271(b)-(c); it does not set forth the standards for indirect infringement; and it does not list *any* factual allegations of how Geotab USA supposedly indirectly infringes.  And WirelessWerx's complaint is devoid of any allegations of knowledge of either the patent or alleged infringement, which are legal pre-requisites for a showing of indirect infringement.  In sum, the Complaint has not stated an indirect infringement claim.  *See, e.g., Silver State Intell. Techs., Inc. v. FourSquare Labs, Inc.*, No. 12-1308, 2013 WL 5437363, at *4-5 (D. Nev. Sep. 26, 2013) (dismissing pre-suit claims of induced and contributory infringement "because the Complaint lacks any factual assertions" and its "cryptic choice of words fails to convince the Court that Plaintiff has indeed sufficiently pleaded this element.").

WirelessWerx also has not plausibly alleged indirect infringement because it has not pled an underlying act of *direct* infringement by some third party, as described above.  *See Limelight*, 572 U.S. at 920-21 ("[T]here can be no indirect infringement without direct infringement….

18

1    [L]iability for inducement must be predicated on direct infringement.");  *In re Bill of Lading*

2    *Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is

3    axiomatic that there can be no inducement or contributory infringement without an underlying

4    act of direct infringement….  [I]ndirect infringement… can only arise in the presence of direct

5    infringement.").  And to state a claim of indirect infringement, a plaintiff must also plead

6    "knowledge of the existence of the patent."  *CG Tech.*, 2017 WL 58574, at *3 (dismissing pre-

7    suit claims of induced and contributory infringement).  WirelessWerx's passing allegation of

8    "indirectly develops" and "induced acts of infringement," without more, falls far short of the

9    pleading standard on both grounds.  Thus, to the extent there are any allegations of indirect

10   infringement, they too should be dismissed.

11

12          **B.      The '037 Patent Is Invalid.**

13          If Geotab USA's GO devices somehow did infringe the '037 Patent (which as explained

14   above they do not, and Plaintiff fails to plausibly allege that they do), ***the patent would then be***

15   ***invalid***.  Geotab USA has been selling its accused GO devices since 1997, and early versions

16   included functionality that is materially similar, as it relates to the asserted claims, to what is in

17   the current, accused Geotab products.  For example, Geotab introduced the second version of its

18   GO device (the "GO2") in 2002, which included radio frequency or "RF" functionality to allow

19   for wireless transfer of device location data to a database.  That device featured the very same

20   route-of-travel mapping that WirelessWerx now alleges meets the limitation in its patent claim of

21   "defin[ing] a geographical zone."  Documents describing this prior art product were publicly

22   available on Geotab's website at least as early as 2004,[6] ***years before*** WirelessWerx applied for

23

24

25

26

27   ───────────────

[6] *See*, *e.g.*, https://www.geotab.com/blog/geotab-go-device-past-present-future/ (Ex. I);
28   https://web.archive.org/web/20041208221215/http://www.geotab.com/Downloads/index.htm,

the '037 Patent in 2007.  These documents could also easily have been located by WirelessWerx

pre-suit by searching publicly-archived versions of Geotab's website on archive.org, the Internet

Archive's Wayback Machine.[7]  WirelessWerx was aware pre-suit of the Wayback Machine and

its saved versions of Geotab's website, as WirelessWerx cited them in its complaint.  Comp., Ex.

B at 4.  Yet it ignores this prior art.

It is black-letter law that courts use "the same test to determine anticipation and

infringement," and "'[t]hat which infringes, if later, would anticipate if earlier.'"  *Curver*, 938

F.3d at 1342 (affirming Rule 12 dismissal of patent infringement claim), quoting *Peters v. Active

Mfg. Co.*, 129 U.S. 530, 537 (1889); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*,

589 F.3d 1233, 1239 (Fed. Cir. 2009) ("[I]t has been well established for over a century that the

same test must be used for both infringement and anticipation.").  Indeed, "if a claim term must

be broadly interpreted to read on an accused device, then ***this same broad construction will read***

---

GEOTAB CHECKMATE User Guide (Exs. J-K) ("CHECKMATE User Guide");
https://web.archive.org/web/20040605131359/http://www.geotab.com/Downloads/GEOTABv46
.pps, GEOTABv46 presentation (Exs. L-N) ("GEOTABv46").

[7] "The Wayback Machine is an online digital archive of web pages. It is run by the Internet
Archive, a nonprofit library in San Francisco, California.… [It is] a source of information to
determine when a Web reference was first made available to the public.…  District courts have
***taken judicial notice*** of the contents of webpages available through the Wayback Machine as
facts that can be accurately and readily determined from sources ***whose accuracy cannot
reasonably be questioned***….  We agree."  *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364,
1374 (Fed. Cir. 2021) (collecting cases accepting and taking judicial notice of Wayback Machine
webpages).  Consideration of such web pages on Rule 12 motions is common.  *See, e.g.,
Erickson v. Neb. Mach. Co.*, No. 15-1147, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015)
("Courts have taken judicial notice of the contents of web pages available through the Wayback
Machine as facts that can be accurately and readily determined from sources whose accuracy
cannot reasonably be questioned,… and the Court does so here."); *Under A Foot Plant, Co. v.
Exterior Design, Inc.*, No. 14-1371, 2015 WL 1401697, at *2, 6 (D. Or. Mar. 24, 2015) (granting
motion to dismiss, and request for judicial notice of an archived printout from defendant's
website because "[d]istrict courts have ***routinely taken judicial notice*** of content from The
Internet Archive pursuant to" Federal Rule of Evidence 201(b)).

*on the prior art*." *01 Communique*, 889 F.3d at 742-43 (collecting cases where accused infringer's own prior art invalidated patents).

The evidence WirelessWerx cites for why the current GO devices allegedly infringe is materially identical to similar evidence for the prior art GO2-RF device. For example, the preamble of claim 1 (limitation [1P]) requires a "method to wirelessly manage an entity having a transponder," which Geotab GO2-RF system and corresponding CHECKMATE software discloses to the same degree as the Accused Products. *See* Ex. O at 1 (chart comparing materials from Comp. Ex. B with analogous materials relating to GO2-RF, downloaded from archived 2004 versions of Geotab's website). Similarly, the GO2-RF documents show wirelessly transferring data from the vehicle to a computer to the same extent as WirelessWerx's allegations on limitation [1A], and the same is true for limitation [1B] ("programming a microprocessor…") and limitation [1C] ("sending a command to the transponder…"). *Id.* at 2-7.

In one particularly glaring instance on the "programming a microprocessor…" limitation, the images WirelessWerx uses to allege infringement mirror images in Geotab's own prior art materials:



| Complaint, Exhibit B Materials for Current Geotab USA GO Device | Example Analogous Prior Art GO2-RF Materials |
|---|---|
| Comp., Ex. B at 6. | CHECKMATE User Guide (Ex. J) at 34, 39. |

Ex. O at 4.

In short, if WirelessWerx were somehow correct that the current GO devices infringe, then the prior-art GO2-RF indisputably would likewise be covered by the exact same claims. That would invalidate the patent, because the GO2-RF and corresponding CHECKMATE software would be prior art that predates—and thus anticipates—the '037 Patent. *See Curver*, 938 F.3d at 1342; *Seaway*, 589 F.3d at 1239. In other words, even if its infringement allegations were correct, ***WirelessWerx would have invalidated its own patent as anticipated by Geotab USA's accused products***. A plaintiff cannot plausibly allege infringement of an invalid patent. *Commil*, 720 F.3d at 1368 ("It is axiomatic that one cannot infringe an invalid patent.").

Again, the relevant documents were available on Geotab's website years before the '037 Patent application was filed, and were easily locatable on the Wayback Machine had WirelessWerx or its counsel conducted a reasonable pre-suit investigation (or indeed any investigation).  Ex. A at ¶¶ 9-14; Exs. I-N.  Yet the complaint does not try to explain how its allegations could possibly "simultaneously establish infringement and evade invalidity."  *01 Communique*, 889 F.3d at 742-43.  As the '037 Patent would be invalid under WirelessWerx's own theory, the complaint should be dismissed on this ground as well.  *See id.; Commil*, 720 F.3d at 1368.

### C.      The Complaint Should Be Dismissed With Prejudice.

Dismissal for failure to state a claim should be with prejudice where, as here, amendment would be futile because "the pleading could not possibly be cured by the allegation of other facts."  *Feeder v. Nevada*, No. 22-941, 2023 WL 5017297, at *1 (D. Nev. Aug. 4, 2023) (Silva, J.) (dismissing all claims with prejudice); *Pintado v. Maywood Police Dep't*, No. 18-991, 2020 WL 591310, at *2 (D. Nev. Feb. 6, 2020) (Abregts, M.J.) (recommending that "claims be dismissed with prejudice because any future amendment would be futile.").  As discussed above, WirelessWerx has not presented viable infringement allegations.  And even if it tried to amend, such allegations would read on Geotab USA's GO2-RF prior art in the same ways, invalidating the '037 Patent.  Hence any amendment would be futile, and dismissal should be with prejudice.

### D.      Notice of Intent To Pursue Rule 11 Sanctions

Before filing this motion, Geotab USA warned WirelessWerx and its attorneys in writing of the frivolous nature of their infringement allegations, and served a motion for sanctions under Federal Rules of Civil Procedure 5 and 11(c) on November 8, 2023.  WirelessWerx has so far refused to withdraw its complaint, suggesting its intent to continue pursuing this baseless

litigation.  Accordingly, once the 21-day safe harbor period of Rule 11(c)(2) passes, Geotab USA intends to file that motion for sanctions against WirelessWerx and its attorneys.

## V.     CONCLUSION

For the above reasons, Geotab USA respectfully requests that the Court dismiss the complaint with prejudice.

DATED this 13th day of November, 2023.

PISANELLI BICE PLLC

By:   /s/ M. Magali Mercera
                  James J. Pisanelli, Esq., #4027
                  Debra L. Spinelli, Esq., #9695
                  M. Magali Mercera, Esq., #11742
                  400 South 7th Street, Suite 300
                  Las Vegas, Nevada 89101

                  Michael A. Albert
                  (*pro hac vice* forthcoming)
                  Hunter D. Keeton
                  (*pro hac vice* forthcoming)
                  Susmita A. Gadre
                  (*pro hac vice* forthcoming)
                  WOLF, GREENFIELD & SACKS, P.C.
                  600 Atlantic Avenue
                  Boston, MA 02210

                  *Attorneys for Defendant Geotab USA, Inc.*

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 13th

3

day of November, 2023, I caused to be served via the Court's CM/ECF program and/or United

4

States Mail, postage prepaid, true and correct copies of the above and foregoing **GETOAB USA,**

5

**INC.'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,**

6

**AND MEMORANDUM IN SUPPORT** to all parties registered for e-service.

7

8

**VIA UNITED STATES MAIL**

9

William P. Ramey, III

10

Jeffrey E. Kubiak
RAMEY LLP

11

5020 Montrose Boulevard, Suite 800
Houston, TX  77006

12

13

14

_____ /s/ Kimberly Peets _____

15

An employee of Pisanelli Bice PLLC

16

17

18

19

20

21

22

23

24

25

26

27

28