# EXHIBIT E

**ECF No. 13 filed in *WirelessWerx IP LLC v. Raytheon Techs. Corp., No.* 22-01059 (W.D. Texas) on March 2, 2023**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

WIRELESSWERX IP LLC

        Plaintiff,

    v.

RAYTHEON TECHNOLOGIES
CORPORATION,

        Defendant.

Case No. 6:22-cv-01059-KC

**JURY TRIAL DEMANDED**

## DEFENDANT RAYTHEON TECHNOLOGIES CORPORATION'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ iv

STATEMENT OF ISSUES ................................................................................................... v

I.      INTRODUCTION ....................................................................................................1

II.     SUMMARY OF WIRELESSWERX'S COMPLAINT........................................2

III.    LEGAL STANDARD ...............................................................................................7

IV.    ARGUMENT ............................................................................................................8

        A.     The Complaint Fails to State a Plausible Claim for Infringement..........................8

              1.     The Complaint Fails to Plausibly Allege That RTX Meets the Material "Sending a Command" Limitation ...............................8

              2.     The Complaint's Reliance on Screenshots and Conclusions Is Insufficient to Survive a Motion to Dismiss .........................................11

                     a.     WirelessWerx Fails to Plausibly Allege How RTX Meets the "Programming a Microprocessor…" Limitation.......................................................................................13

                     b.     WirelessWerx Fails to Plausibly Allege How RTX Meets the "Loading from a Computing Device…" and "Sending a Command…" Limitations ...................................15

        B.     The Complaint fails to state a claim for indirect infringement.............................17

V.     CONCLUSION.......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ......................................17

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015)..................................................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................................................7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)..................................................................................................17

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .............................................................................7, 8, 9, 11, 14

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018).............8, 11, 12, 13

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)........................15

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008) .........................................................................................................7

*EMA Electromechanics, Inc. v. Siemens Corp.*,
No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ...........................17

*KI Ventures, LLC v. Fry's Elecs., Inc.*,
4:13-cv-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013) ...................................................................2

*NetSoc, LLC v. Chegg Inc.*,
1:18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020).......................................................2

*Ottah v. Bracewell LLP*,
No. 2022-1876, 2022 WL 16754378 (Fed. Cir. Nov. 8, 2022) ................................................9

*Ottah v. Fiat Chrysler*,
884 F.3d 1135 (Fed. Cir. 2018)....................................................................................................9

*Traxcell Tech. v. AT&T Corp.*,
2:17-cv-00718-RWS-RSP, Dkt. 520 (E.D. Tex. Mar. 29, 2022)...........................................1, 2

*Traxcell Tech. v. AT&T Corp.*,
2:17-cv-00718-RWS-RSP, Dkt. 532 (E.D. Tex. Sept. 29, 2022) ...............................................1

*Traxcell Tech. v. AT&T Corp.*,
2:17-cv-00718-RWS-RSP, Dkt. 535 (E.D. Tex. Nov. 10, 2022) ...............................................2

*Traxcell Tech. v. Huawei Techs. USA Inc.*,
2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017) ...............................................2

*Vervain, LLC v. Micron Tech., Inc.*,
6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022).......................7, 8, 9, 10, 11

*WPEM LLC v. SOTI Inc.*,
2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020)...........................................................2

**Statutes**

35 U.S.C. §271(a) ...................................................................................................................8

## STATEMENT OF ISSUES

1.      Has WirelessWerx set forth a plausible claim for patent infringement against RTX, where WirelessWerx has failed to plausibly allege that RTX meets a material limitation of the asserted patent, which requires "sending a command"?

2.      Has WirelessWerx set forth a plausible claim for patent infringement against RTX, where WirelessWerx's complaint relies only on vague screenshots and conclusory statements that repeat the language of the asserted patent claims verbatim?

3.      Has WirelessWerx set forth a plausible claim for indirect infringement of the asserted patent against RTX?

## I.    INTRODUCTION

Defendant Raytheon Technologies Corporation ("RTX") requests that the Court dismiss Plaintiff WirelessWerx IP LLC's ("WirelessWerx") Complaint (Dkt. 1) under Rule 12(b)(6) because the Complaint fails to provide any factual allegations supporting a plausible claim for patent infringement.  Instead, WirelessWerx supplies only conclusory allegations and generic screenshots from an RTX marketing webpage without explaining how RTX allegedly practices the elements of the asserted patent claim.  This is insufficient to meet the *Iqbal/Twombly* standard, especially for the "sending a command" claim limitation, which was added during prosecution, is material to defining the scope of the asserted patent, and recites a software method (as opposed to a simple, tangible technology) such that website screenshots or product photos alone are insufficient to plead a plausible claim for relief or put RTX on notice of the scope of WirelessWerx's infringement claims.  WirelessWerx's allegations of indirect infringement are faulty for the same reason.  These indirect infringement allegations fail to plead a necessary element because WirelessWerx does not identify any direct infringer upon which to base a case for indirect infringement against RTX.

WirelessWerx's claims of infringement are baseless across the board, and brought only to harass RTX.  This is not the first time that counsel for WirelessWerx prosecuted baseless claims for patent infringement.  Indeed, courts across the country have repeatedly sanctioned WirelessWerx's counsel for similar conduct.[1]  The pleadings here are just as faulty and warrant dismissal under Rule 12(b)(6).

---

[1] *See*, *e.g.*, *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 520 (E.D. Tex. Mar. 29, 2022) (awarding $132,046.50 in attorneys' fees for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding the court's reasoning); *see also Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 532 (E.D. Tex. Sept. 29, 2022)

## II.     SUMMARY OF WIRELESSWERX'S COMPLAINT

WirelessWerx's Complaint accuses RTX's "harrier tracking product line" ("Accused

Product") of infringing at least claim 1 of U.S. Patent No. 8,009,037 ("the '037 Patent").  Dkt. 1

("Complaint") at ¶¶ 15, 17.  Claim 1 recites:

> 1.   A method to wirelessly manage an entity having a transponder, comprising:
>
> loading from a computing device to a transponder's memory a plurality of coordinates;
>
> programming a microprocessor in the transponder to define a geographical zone by creating an area on a pixelated image using said plurality of coordinates, wherein said area is representative of a geographical zone; and
>
> sending a command to the transponder to execute a configurable operation upon receiving a command from a control center, the command being associated with a status of the entity in relation to the geographical zone.

The threadbare direct infringement section of the Complaint spans seven short paragraphs

without any supporting factual allegations of direct infringement.  *Id*. at ¶¶ 16-22.  In particular,

the first six paragraphs contain the following allegations peripheral to direct infringement:

---

(amending award to $489,710.00); *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 519 (E.D. Tex. Mar. 29, 2022) (awarding $784,529.16 in attorneys' fees for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding the court's reasoning); *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 535 (E.D. Tex. Nov. 10, 2022) (affirming attorneys' fees award of $784,529.16); *WPEM LLC v. SOTI Inc.*, 2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020) (admonishing plaintiff for failing to conduct reasonable pre-suit investigation); *Traxcell Tech. v. Huawei Techs. USA Inc.*, 2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017) (awarding fees to defendant because of plaintiff's "unintelligible" infringement contentions); *NetSoc, LLC v. Chegg Inc.*, 1:18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020) (awarding fees for asserting infringement based on claim not in asserted patents); *KI Ventures, LLC v. Fry's Elecs., Inc.*, 4:13-cv-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013) (dismissing case with prejudice under Rule 11 for failure to explain basis for infringement).

- "Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein." *Id*. at ¶ 16.

- "Defendant has, under 35 U.S.C. §271(a), directly infringed. . .at least claim 1 of the '037 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products." *Id*. at ¶ 17.

- "Defendant has made no attempt to design around the claims of the '037 Patent." *Id*. at ¶ 18.

- "Defendant did not have a reasonable basis for believing that the claims of the '037 Patent were invalid." *Id*. at ¶ 19.

- "Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District." *Id*. at ¶ 20.

- "WirelessWerx has been damaged as the result of Defendant's infringement." *Id*. at ¶ 21.

These six paragraphs are silent on how the Accused Product practices "at least claim 1 of the '037 patent," let alone any other claim of the patent. In its seventh and final paragraph, WirelessWerx alleges "[t]he claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '037 Patent are infringed by the Accused Products." *Id*. at ¶ 22. But, the claim chart at Exhibit B lacks any description of how the Accused Product infringes the '037 Patent. Instead, that "claim chart" includes only screenshots from a RTX marketing webpage about the Accused Product and lacks any description relevant to the claims of the '037 Patent. Nor does WirelessWerx describe in the Complaint or any of the exhibits thereto how those screenshots demonstrate infringement of the patent's claims. In essence, WirelessWerx's Complaint and claim chart expect this Court and RTX to *figure it out* themselves. This is the antithesis of Rule 8 and the *Iqbal/Twombly* standard.

For example, for the first (preamble) and third limitations of claim 1, WirelessWerx only includes screenshots containing photographs of the Accused Product without any description of "how the elements of an exemplary claim 1 . . . are infringed by the Accused Products," as

WirelessWerx claims in its seventh paragraph. *See id*. at ¶ 22. Instead, the text below each screenshot simply states, "Raytheon Harrier has a" followed by a word-for-word repetition of the claim language, as shown below: [2]



---

[2] The screenshots provided by WirelessWerx in its claim chart are false recreations of the websites cited therein. Unlike WirelessWerx' representations vis-à-vis its screenshots, nowhere does the "Raytheon Technologies" logo—which is the current logo of RTX—appear WirelessWerx's cited Internet Archive page (*see* https://web.archive.org/web/20190610193053/https://www.raytheon.com/capabilities/products/harrier). Instead, only the logo of Raytheon Company (displaying only the red "Raytheon" name) appears. WirelessWerx, without indicating the same in its Complaint, thus improperly relies on screenshots that purport to be from a single website but are in fact a combination of two different websites from two different time periods for two different legal entities.



| programming a microprocess or in the transponder to define a geographical zone by creating an area on a pixilated image using said plurality of coordinates, wherein said area is representativ e of a geographical zone; and | |

Dkt. 1, Ex. B at 3, 5.

For the second and fourth limitations of claim 1, WirelessWerx includes screenshots containing text, but that text does not match up to the corresponding limitations of claim 1, and WirelessWerx fails to explain how it believes the text shows the Accused Product practices claim 1. Instead, WirelessWerx again merely repeats the claim language just as it did for the first and third limitations of claim 1, as shown below:





Dkt. 1, Ex. B at 4, 6.

Neither the Complaint nor its accompanying claim chart in Exhibit B contains any description explaining how the Accused Product infringes claim 1 of the '037 Patent nor do they contain any identification of which entity performs each limitation of the claim.

### III.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief is not plausible unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

To assert plausible claims for patent infringement in particular, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021).  A greater level of detail is required for elements that are material to the asserted claim. *See id.* at 1353.

To rule on a 12(b)(6) motion, a court may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted); *see also Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469, at *5 n.2 (W.D. Tex. Jan. 3, 2022).

## IV.    ARGUMENT

### A.    The Complaint Fails to State a Plausible Claim for Infringement

To state a claim for direct infringement, WirelessWerx must plead facts demonstrating that "without authority [RTX] makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor[.]"  35 U.S.C. § 271(a).  WirelessWerx's Complaint fails to set forth a plausible claim for infringement, even after its few non-conclusory allegations are presumed to be true.  First, WirelessWerx's reliance on screenshots and textual recitation of the asserted claim language is insufficient to survive a Rule 12 motion.  That failure infects all allegations of infringement.  Second, WirelessWerx fails to allege that the steps of the method recited in claim 1 of the '037 Patent are performed by, or attributable to, a single entity.  Such a failure requires dismissal.  And third, the Complaint is devoid of any allegation of direct infringement upon which indirect infringement could be based.

### 1.    The Complaint Fails to Plausibly Allege That RTX Meets the Material "Sending a Command" Limitation

To plausibly plead infringement of claim 1, WirelessWerx must provide a detailed explanation of how the "sending a command" limitation was infringed because that limitation was material to practicing the asserted claim and is a complex limitation that covers intangible software.  *See Bot M8*, 4 F.4th at 1353; *Vervain*, 2022 WL 23469, at *5; *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018).  Instead of providing the requisite detailed pleading for that limitation, WirelessWerx did not plead any facts at all, only conclusory statements which are to be disregarded under *Iqbal* and *Twombly*.

The level of detail required to plead infringement varies based on factors including "the materiality of any given element to practicing the asserted claim(s)" and "the complexity of the technology." *Bot M8*, 4 F.4th at 1353. In *Vervain*, a court in this District required more detailed pleadings where the asserted claims related to software and the prosecution history showed that certain "hot blocks" limitations were material to the novelty of the claims. 2022 WL 23469, at *5. The court found that such claims could not be pleaded by mere photos of the accused product and its packaging without more explanation. *Id.* In *Ottah v. Fiat Chrysler*, the Federal Circuit likewise affirmed dismissal where the asserted claim was narrowed during prosecution to cover a "book holder" that was "removably attached," but the plaintiff's infringement allegation did not plausibly allege how either of those claim limitations was met. 884 F.3d 1135, 1141-42 (Fed. Cir. 2018); *see also Ottah v. Bracewell LLP*, No. 2022-1876, 2022 WL 16754378, at *1 (Fed. Cir. Nov. 8, 2022).

Despite this authority, WirelessWerx fails to plausibly plead that RTX has met the limitation "sending a command to the transponder to execute a configurable operation upon receiving a command from a control center." Instead, all WirelessWerx provides is a screenshot of excerpted, annotated text from a marketing website and a conclusory statement that the website "describes" the claim language, as shown below:



Complaint, Ex. B, at 6.  The law requires that WirelessWerx provides more for two reasons.

First, the "sending a command" limitation was material to defining the protection scope of the '037 Patent.  In response to the Non-Final Office Action (OA), the Applicant amended Claim 1 from "programming the microprocessor in" to "sending a command to," as shown below:

> ~~programming the microprocessor in~~ sending a command to the transponder to execute a configurable operation upon receiving a command from a control center[.]

'037 FH, May 12, 2011 Amendments to Claims in Resp. to Non-Final OA at 3.[3]  The Applicant stated that claim 1 has been amended "to better define the invention for which protection is sought."  *Id.* at 12.  The Applicant also argued that "[t]he claims, as amended, overcome the

---

[3] "Courts may take judicial notice of government records, like prosecution history available on the U.S. Patent & Trademark Office's Public PAIR site, even when resolving a Rule 12(b)(6) motion."  *Vervain*, 2022 WL 23469, at *5 n.2 (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

rejections of 35 U.S.C. §103;" and "[n]one of the art teaches, discloses or suggests these features." *Id.* at 12. The Examiner subsequently allowed the patent to issue. *Id.* at 2 ('037 FH, July 15, 2011, Notice of Allowance and Fee(s) Due).

Second, the "sending a command" limitation recites a software method (as opposed to a simple, tangible technology) wherein a command is sent to the transponder to execute a *configurable operation* upon receiving a command from a control center. '037 Patent, Cl. 1. This is not a limitation for which website screenshots or product photos alone are sufficient to plead a plausible claim for relief or, relatedly, put RTX on notice of the scope of WirelessWerx's infringement claims. Still, WirelessWerx's annotated text, such as that a "user can track the location of other deployed devices [and that the Accused Product] leverages Raytheon's dedicated map server to provide a secure visualization system," Dkt. 1-2 at 7, has nothing to do with the "sending a command" limitation. It does not support that the Accused Product "send[s] a command to [a] transponder to execute a configurable operation upon receiving a command from a control center" or "the command being associated with a status of [an] entity in relation to the geographical zone," as claim 1 recites.

Under either reason, WirelessWerx must provide more detailed pleadings to plausibly allege infringement and meet the *Iqbal/Twombly* standard. *See Bot M8*, 4 F.4th at 1353; *Vervain, 2022 WL 23469, at *5*; *Chapterhouse, 2018 WL 6981828, at *2*. Because it does not, the Court should dismiss WirelessWerx's Complaint for failure to plausibly plead that RTX practices the "sending a command" limitation.

### 2. The Complaint's Reliance on Screenshots and Conclusions Is Insufficient to Survive a Motion to Dismiss

Because the Complaint itself contains only conclusory allegations of infringement, *e.g.*, Complaint at ¶ 17, WirelessWerx can only rely on its Exhibit B "claim chart" to support those

allegations.  But, that claim chart is conclusory in its own right because WirelessWerx provides screenshots from a single marketing website and conclusory text alleging that website describes the corresponding verbatim claim language.  Nowhere does WirelessWerx allege which elements of the '037 patent claims are met by which aspects of the accused RTX system, and there is insufficient information in the cited webpage from which RTX can draw a reasonable inference about WirelessWerx's allegations.  For example, while claim 1 of the '037 Patent recites as its basic elements "a computing device," "a transponder," "a transponder's memory," "a microprocessor," and "a control center," nowhere does WirelessWerx allege—other than in entirely conclusory fashion—that the Accused Product has any, or all, of those basic elements, let alone the more complex elements like "programming a microprocessor," "loading from a computing device," and "sending a command" discussed in more detail below.

WirelessWerx's Complaint and claim chart are like those dismissed by the Eastern District of Texas in *Chapterhouse v. Shopify* for their failure to state a plausible claim for patent infringement.  Like claim 1 of the '037 Patent and the claim chart here, *Chapterhouse* involved patent claims involving software and electronic systems and a complaint that essentially served as a claim chart by "break[ing] [an] exemplary claim into individual elements with 'supporting' screenshots." *Chapterhouse*, 2018 WL 6981828, at *2.  Further like WirelessWerx's claim chart here, the *Chapterhouse* complaint supplemented its "supporting screenshots" with a conclusory statement that the accused product includes the associated element of the asserted claim.  *Id.* (noting that the complaint alleges "[t]he Shopify System is a system for generating de-identified electronic receipts" against claim language which requires "[a] system for generating de-identified electronic receipts").  The *Chapterhouse* court dismissed, as this Court should here, by finding that the combination of the screenshots and the conclusory statements of infringement

did not pass the *Iqbal/Twombly* standard: "While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met." *Id.* The plaintiff's regurgitation of the claim language was not enough to give further support for the claim charts because each, "on its own, is a mere conclusory statement, and in order to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations." *Id.* There were none there; there are none here. This Court should similarly dismiss the complaint.

Further, even if the Court were to accept the conclusory statements (and screenshots) in WirelessWerx's Complaint and claim chart as true, the complaint should still be dismissed because it *still* fails to set forth a plausible claim for relief because it fails to allege any facts that the Accused Product practices every element of the asserted patent claims and how it does so.

### a. WirelessWerx Fails to Plausibly Allege How RTX Meets the "Programming a Microprocessor…" Limitation

The third element of WirelessWerx's claim chart relates to the claim limitations, "programming a microprocessor in the transponder to define a geographical zone by creating an area on a pixilated image using said plurality of coordinates, wherein said area is representative of a geographical zone." All WirelessWerx sets forth is an image of a map on a smartphone and the conclusory statement that "[t]he reference describes" those claim limitations, as shown below. Complaint, Ex. B at 5.

| programming a microprocessor in the transponder to define a geographical zone by creating an area on a pixilated image using said plurality of coordinates, wherein said area is representative of a geographical zone; and |  |
|---|---|

<https://web.archive.org/web/20190610193053/https://www.raytheon.com/capabilities/products/harrier>

The reference describes programming a microprocessor in the transponder to define a geographical zone by creating an area on a pixilated image using said plurality of coordinates, wherein said area is representative of a geographical zone.

Nothing in this screenshot (or the associated web link) describes anything about "programming a microprocessor" and nothing indicates that the screenshot shows an area that was "creat[ed] … using said plurality of coordinates." Instead, this screenshot merely shows a user device screen displaying a basic map. WirelessWerx's claim chart, even if taken as true, still fails to "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353. It also fails to allege that any entity performs this method step, let alone that RTX does, which is another reason for dismissal. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (requiring a plaintiff to plausibly allege

that "all steps of a claimed method are performed by or attributable to a single entity"); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing a complaint that was "devoid of allegations that would support an inference that defendant or anyone performed the coupling steps").

> **b.  WirelessWerx Fails to Plausibly Allege How RTX Meets the "Loading from a Computing Device…" and "Sending a Command…" Limitations**

WirelessWerx provides the following screenshots containing the same text as support for the "loading from a computing device" and "sending a command" limitations:





| sending a command to the transponder to execute a configurable operation upon receiving a command from a control center, the command being associated with a status of the entity in relation to the geographical zone. | **SECURE TRACKING, MESSAGING AND C3** With Harrier loaded on an Android tablet or smartphone, a user can track the location of other deployed devices — including other Harrier-equipped devices, devices with Raytheon's Mustang™ mobile device tracking app or non-Raytheon tracking units linked into our Gotham™ centralized device management and monitoring system. Harrier allows mobile users to track teamed cellular and satellite tracking devices using a custom street and topographic map interface that leverages Raytheon's dedicated map server to provide a secure visualization system. Users can easily mark and describe locations of interest by placing "map objects" directly on the map interface and sharing them with other Harrier users. Locations can be displayed in U.S. or metric measurement units, military grid reference system (MGRS) or latitude/longitude coordinates. <https://web.archive.org/web/20190610193053/https://www.raytheon.com/capabilities/products/harrier> The reference describes sending a command to the transponder to execute a configurable operation upon receiving a command from a control center, the command being associated with a status of the entity in relation to the geographical zone. |
|---|---|

For the "loading from a computing device" limitation, the screenshot only underlines "latitude/longitude coordinates," but contains no explanation as to how the Accused Product "load[s] from a computing device to a transponder's memory" a plurality of coordinates. For the "sending a command" limitation, the screenshot only underlines language that "a user can track the location of other deployed devices" and that the Accused Product "leverages Raytheon's dedicated map server to provide a secure visualization system." Again, WirelessWerx leaves the onus on the court and RTX to fill in the gaps as to how these two underlined texts satisfy the claim language. Underneath the screenshots, WirelessWerx again merely repeats word-for-word the claim language without providing any factual allegations linking the screenshot to the claim language, just as it did for the "programming a microprocessor" limitation.

Therefore, WirelessWerx's Complaint should be dismissed because it does not plead—much less plausibly plead—that RTX has practiced any of the claim limitations.

**B.   The Complaint fails to state a claim for indirect infringement**

The Complaint makes the following bare, unsupported allegation in the Jurisdiction section of the Complaint:  "Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District."  Dkt. 1 ¶ 11.[4]  The Complaint does not so much as recite the legal standard for indirect infringement nor expressly list indirect infringement among the causes of action and prayer for relief sections.  And WirelessWerx's Complaint is devoid of any allegations of knowledge of either the patent or alleged infringement.  As such, the Complaint has not stated a claim for indirect infringement.

Also, WirelessWerx has not plausibly alleged indirect infringement because it has not pled an underlying act of direct infringement by a third party.  *E.g., In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012).  In addition, "to state a claim for indirect … infringement, the complaint must allege that the accused infringer has knowledge of the patent and knowledge of its infringement."  *EMA Electromechanics, Inc. v. Siemens Corp.,* No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *5 (W.D. Tex. Apr. 26, 2022)*; Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014)*; In re Bill of Lading.*, 681 F.3d at 1339.  WirelessWerx's passing allegation of "induced acts of infringement" without more falls far short of the pleading standard, and thus, any allegation of indirect infringement in the Complaint should be dismissed.

---

[4] This appears to be a boilerplate sentence that Plaintiff's counsel has included in complaints submitted in multiple cases.

## V.    CONCLUSION

WirelessWerx's Complaint fails to plead direct infringement with anything more than screenshots from web pages unconnected to the asserted claim language.  Furthermore, WirelessWerx's Complaint fails on indirect infringement because it does not plead any instance of direct infringement.   This Court should grant RTX's Motion and dismiss WirelessWerx's Complaint.

Dated: March 2, 2023                                    Respectfully Submitted,


By: /s/ Clifton S. Elgarten
Clifton S. Elgarten (W.D. Tex. Bar 9903217)
Vincent J. Galluzzo (*pro hac vice* to be filed)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 624-2523
Fax: (202) 628-5116
celgarten@crowell.com

Anne Elise Herold Li (*pro hac vice* to be filed)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

*Counsel for Raytheon Technologies*
*Corporation*

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 2nd day of March, 2023, the foregoing was filed with the Clerk of Court using the Court's CM/ECF system, which will electronically mail notification of this filing to all counsel of record who are registered ECF users as authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Clifton S. Elgarten<br>
Clifton S. Elgarten

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WIRELESSWERX IP LLC | |
| Plaintiff, | |
| | Case No. 6:22-cv-01059-KC |
| v. | |
| RAYTHEON TECHNOLOGIES CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## PROPOSED ORDER GRANTING DEFENDANT RAYTHEON TECHNOLOGIES CORPORATION'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Court, having considered Defendant Raytheon Technologies Corporation's Motion to Dismiss, hereby finds that the motion should be GRANTED in its entirety.

IT IS SO ORDERED this         day of            ,        .


Hon. Kathleen Cardone
United States District Judge