James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

Michael A. Albert (*pro hac vice*)
Hunter D. Keeton (*pro hac vice*)
Susmita A. Gadre (*pro hac vice*)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax
malbert@wolfgreenfield.com
hkeeton@wolfgreenfield.com
sgadre@wolfgreenfield.com

*Attorneys for Defendant Geotab USA, Inc.*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| WirelessWerx IP LLC, | Case No. 2:23-cv-01769-CDS-DJA |
| Plaintiff, | |
| v. | **GEOTAB USA, INC.'S RULE 11 MOTION FOR SANCTIONS, AND MEMORANDUM IN SUPPORT** |
| Geotab USA, Inc., | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

1

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

I.      INTRODUCTION ............................................................. 1

II.     FACTUAL BACKGROUND........................................... 2

III.    ARGUMENT—THE COURT SHOULD AWARD SANCTIONS
        BECAUSE WIRELESSWERX AND ITS ATTORNEY FILED THE
        COMPLAINT WITHOUT A VALID INFRINGEMENT CLAIM,
        CONSISTENT WITH A PATTERN OF SANCTIONABLE BEHAVIOR
        BY WIRELESSWERX'S ATTORNEY ........................................... 3

        A.    WirelessWerx and Its Attorneys Cannot and  Could Not Assert a Valid
              Infringement Claim.................................................................3

        B.    WirelessWerx's Attorney William P. Ramey, III's Pattern of Filing  and
              Maintaining Lawsuits in Bad Faith Further Justifies Sanctions .......................7

IV.     CONCLUSION ............................................................ 9

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Bot M8 LLC v. Sony Corp. of America,*
    4 F. 4th 1342 (Fed. Cir. 2021) ................................................................................. 1, 5

4

5

*Commil USA, LLC v. Cisco Sys., Inc.,*
    720 F.3d 1361 (Fed. Cir. 2013) ................................................................................ 2, 7

6

7

*Cooter & Gell v. Hartmarx Corp.,*
    496 U.S. 384 (1990) ..................................................................................................... 8

8

9

*Curver Luxembourg, SARL v. Home Expressions, Inc.,*
    938 F.3d 1334 (Fed. Cir. 2019) ................................................................................... 6

10

11

*Emrit v. Soc. Sec. Admin.,*
    No. 14-1760, 2015 WL 4597834 (D. Nev. July 29, 2015) ........................................... 7

12

*Hussein v. Frederick,*
    No. 06-585, 2007 WL 9658419 (D. Nev. Aug. 1, 2007) ............................................. 4

13

14

*Int'l Seaway Trading Corp. v. Walgreens Corp.,*
    589 F.3d 1233 (Fed. Cir. 2009) ................................................................................... 6

15

16

*Jordan v. Plaza Home Mortg., Inc.,*
    No. 11-348, 2011 WL 4809274 (D. Nev. Oct. 7, 2011) ............................................. 7

17

18

*Maisonville v. F2 Am., Inc.,*
    902 F.2d 746 (9th Cir. 1990) ....................................................................................... 3

19

20

*NetSoc, LLC v. Chegg Inc.,*
    No. 18-10262, 2020 WL 7264162 (S.D.N.Y. Dec. 10, 2020) ...................................... 8

21

22

*Operating Engineers Pension Tr. v. G.C. Wallace, Inc.,*
    159 F.R.D. 536 (D. Nev. 1994) .................................................................................... 3

23

*Peters v. Active Mfg. Co.,*
    129 U.S. 530 (1889) ..................................................................................................... 6

24

25

*Reberger v. Gutierrez,*
    No. 21-1250, 2022 WL 18024720 (D. Nev. Dec. 30, 2022) ........................................ 9

26

27

*Smith & Green Corp. v. Trustees of Const. Indus. & Laborers Health & Welfare Tr.,*
    244 F. Supp. 2d 1098 (D. Nev. 2003) ......................................................................... 3

28

ii

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.,*
   No. 17-41, 2017 WL 6559256 (E.D. Tex. Dec. 21, 2017) ............................................. 8

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.,*
   208 F.3d 981 (Fed. Cir. 2000) ....................................................................................... 4

*WirelessWerx IP, LLC v. Raytheon Techs. Corp.,*
   No. 22-1059 (W.D. Tex.) ................................................................................................ 8

*WPEM, LLC v. SOTI Inc.,*
   No. 18-156, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ............................................... 7

*ZT IP, LLC v. VMware, Inc.,*
   No. 22-970, 2023 WL 1785769 (N.D. Tex. Feb. 6, 2023) ............................................. 7

**RULES**

35 U.S.C. § 102 ........................................................................................................................ 2

1

2

**INDEX OF EXHIBITS**

3 **TO**
**GEOTAB USA, INC.'S RULE 11 MOTION FOR SANCTIONS**

4

| | |
|---|---|
| Exhibit A | Declaration of Susmita A. Gadre in Support of Geotab USA, Inc.'s Rule 11 Motion for Sanctions, dated 12/4/2023 |
| Exhibit B | Screenshot of the "Geotab GO vehicle tracking device" page on Geotab USA's website, available athttps://www.geotab.com/vehicle-tracking-device/ |
| Exhibit C | Screenshot of the "A look at the Geotab GO Device: Past, present, and future" page of Geotab USA's website, available at https://www.geotab.com/blog/geotab-go-device-past-present-future/ |
| Exhibit D | Archived copy from the Internet Archive (also known as the Wayback Machine) of the "Geotab Partner Downloads" Geotab USA's website in 2004 available at https://web.archive.org/web/20041208221215/http://www.geotab.com/Downloads/index.htm |
| Exhibit E | User Guide for CHECKMATE by Geotab |
| Exhibit F | ECF No. 13, Defendant Raytheon Techs. Corp.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, filed March 2, 2023 in *WirelessWerx IP LLC v. Raytheon Techs. Corp.*, No. 22-01059 (W.D. Texas) |
| Exhibit G | ECF No. 19, Defendant Raytheon Techs. Corp.'s Reply in Support of Its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, filed March 23, 2023 in *WirelessWerx IP LLC v. Raytheon Techs. Corp.*, No. 22-01059 (W.D. Texas) |
| Exhibit H | ECF No. 25, Notice of Voluntary Dismissal, filed June 5, 2023 in *WirelessWerx IP LLC v. Raytheon Techs. Corp.*, No. 22-01059 (W.D. Texas) |
| Exhibit I | ECF No. 26, Order, filed June 6, 2023 in *WirelessWerx IP LLC v. Raytheon Techs. Corp.*, No. 22-01059 (W.D. Texas) |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

Under Rule 11(c) of the Federal Rules of Civil Procedure, Defendant Geotab USA, Inc. ("Geotab USA" or "Defendant") respectfully requests that this Court impose sanctions against Plaintiff WirelessWerx IP, LLC ("WirelessWerx" or "Plaintiff"), and/or its counsel William P. Ramey, III ("Ramey"), for improperly filing and maintaining a complaint that does not adequately allege a valid claim of infringement.  WirelessWerx was provided at least 21 days' notice under the safe harbor provisions of Rule 11, but failed to cure these deficiencies.

This motion is based on all pleadings and papers on file herein, the following memorandum of points and authorities, and its supporting exhibits.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Geotab USA moves for Rule 11 sanctions against WirelessWerx and its attorney because the complaint contains only generic, conclusory, and self-contradictory infringement allegations that do not reflect a reasonable pre-suit investigation.  For example, WirelessWerx alleges that a limitation appearing in all claims requiring a server "sending a command ***to*** the transponder" located in a vehicle is supposedly met by the accused device in a vehicle allegedly sending information ***from*** the transponder to the server.  ECF No. 1 ("Comp."), Ex. B at 7. [1]  That is the exact ***opposite*** of what the claim requires.  As the complaint's "factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim," and WirelessWerx has literally "***pleaded itself out of court***."  *Bot M8 LLC v. Sony Corp. of America*, 4 F. 4th 1342, 1354 (Fed. Cir. 2021) (un-bolded emphasis original).

Similarly, even if WirelessWerx's infringement allegations were not self-contradictory and in fact were correct—though they are not—Geotab has been selling the accused GO devices for

---

[1] Geotab USA adds emphasis and omits quotations and citations, except as noted.

decades, including years before WirelessWerx filed the application for its patent.  Hence even under WirelessWerx's theory of the case, the accused activity would anticipate the claims, and render the patent invalid under 35 U.S.C. § 102.  A plaintiff cannot plausibly allege infringement of an invalid claim.  *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013) ("It is axiomatic that one cannot infringe an invalid patent.").  And as with WirelessWerx's self-contradictory infringement allegations, all of this information was public and easy to find with a reasonable pre-suit investigation, which it did not perform.  Sanctions are needed to deter this improper behavior.

All this represents a continuing pattern by Mr. Ramey, who has previously been sanctioned by several courts, including for failing to conduct proper pre-suit investigations and to locate the accused infringer's own invalidating prior art.  One can only hope that additional sanctions here might change this pattern.

## II.   FACTUAL BACKGROUND

On June 23, 2023, WirelessWerx filed a complaint against Geotab USA in the District of Colorado, alleging infringement of U.S. Patent No. 8,009,037 (the "'037 patent").  Comp. at 1, 4-5.  The complaint alleges that that Geotab USA infringes the '037 patent by making, using, testing, selling, offering for sale, and/or importing Geotab's "GO" vehicle tracking devices.[2] WirelessWerx's infringement allegations are conclusory, generic, self-contradictory, and by any measure insufficient to meet the pleadings standard, as outlined below and in Geotab USA's motion to dismiss.

---

[2] The website listed in the Complaint's definition of "Accused Products" leads to a website page that cannot be found. Comp. at ¶ 15.  For the sake of this motion, defendant presumes this is a typo and that WirelessWerx meant to link to https://www.geotab.com/vehicle-tracking-device/, which describes GO devices.  Ex. B.

On October 27, 2023, Magistrate Judge Neureiter granted Geotab USA's motion to dismiss for improper venue, and transferred the case to this district.  ECF No. 31.  On November 8, 2023, Geotab USA served WirelessWerx's counsel with a draft copy of this Rule 11 motion for sanctions and supporting papers under Rules 5 and 11(c)(2).  Despite the 21-day period in Rule 11(c)(2) passing, WirelessWerx has not withdrawn or otherwise attempted to amend its complaint, leaving Geotab USA no choice but to move for sanctions under Rule 11.

### III.   ARGUMENT—THE COURT SHOULD AWARD SANCTIONS BECAUSE WIRELESSWERX AND ITS ATTORNEY FILED THE COMPLAINT WITHOUT A VALID INFRINGEMENT CLAIM, CONSISTENT WITH A PATTERN OF SANCTIONABLE BEHAVIOR BY WIRELESSWERX'S ATTORNEY

#### A.   WirelessWerx and Its Attorneys Cannot and Could Not Assert a Valid Infringement Claim.

The "main objective of Rule 11 is to ***deter baseless filings*** and curb litigation abuses." *Smith & Green Corp. v. Trustees of Const. Indus. & Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003).  "The Ninth Circuit has held an attorney has a duty prior to filing a complaint to ***conduct a reasonable factual investigation*** and perform adequate legal research to confirm whether the theoretical underpinnings of the complaint are warranted by existing law." *Id.*  The court analyzes whether conduct violating Rule 11 has occurred under a test of "objective reasonableness." *Operating Engineers Pension Tr. v. G.C. Wallace, Inc.*, 159 F.R.D. 536, 539 (D. Nev. 1994).  The standard considers whether an attorney has filed "a pleading or other paper which no competent attorney would believe was well grounded in fact and warranted by law." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

The complaint here was and is objectively baseless.  As outlined in the motion to dismiss for failure to state a claim, WirelessWerx's infringement allegations are so bare that no reasonable attorney would have considered them sufficient.  In its claim chart, Plaintiff simply provides

3

screenshots from the Geotab website and copies the claim language under the images, without further alleging any facts about how the system actually reads onto the claims. *See* Comp., Ex. B at 4-7. Such conclusory statements do not reasonably show evidence of an infringement analysis, nor do they put a defendant on notice of what the alleged infringement actually is. *See Hussein v. Frederick*, No. 06-585, 2007 WL 9658419, at *1-2 (D. Nev. Aug. 1, 2007) (granting motion for sanctions after Court had dismissed claims where "Plaintiff made insufficient, conclusory allegations" that were "legally and factually inadequate."); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("Before filing counterclaims of patent infringement, Rule 11… require[s] the law firm to… conclude that there is a reasonable basis for a finding of infringement.").

WirelessWerx's infringement allegations in fact ***contradict*** the claims' language. The last limitation of the only example asserted claim in the complaint (claim 1) requires "sending a command ***to*** the transponder [a device in the vehicle] to execute a configurable operation upon receiving a command ***from*** a control center [e.g., the server]." Comp. at ¶¶ 17-22, Ex. A at 37 ('037 patent at 26:66-67). The command itself is associated with the "status of the entity [the vehicle] in relation to the geographical zone." *Id.* at 38 ('037 patent at 27:1-2). However, the image Plaintiff uses to depict the alleged infringement in its claim chart (shown below) actually demonstrates the opposite. Comp., Ex. B at 7. Instead of a command being sent ***from*** a server ***to*** a transponder in the vehicle (presumably the GO device), the text states that "the vehicle location data… must travel ***from*** the vehicle through the cellular network ***to*** the server." *Id.* There is no indication of any command associated with the location being sent ***to*** the GO device or of the GO device taking any action after receiving a command, but rather the GO device itself is sending data to the server without receiving any instruction to so.

| US8009037 B2<br>Claim 1 | Geotab GO |
|---|---|
| sending a command to the transponder to execute a **configurable operation upon receiving a command from a control center**, the command being associated with a status of the entity in relation to the geographical zone. | Animation requires a series of key events to happen.<br><br>1. Before the vehicle location data comes to the map, it must travel from the vehicle through the cellular network to the server.<br><br>2. Then the data goes through optic-fibre to the MyGeotab servers, where we check if this data is trustworthy and whether there any fleet rules it violates.<br><br>3. Finally, this device location is delivered over wifi or ethernet network to the browser, where it is animated.<br><br>Customer Vehicle   Cellular Network   MyGeotab Servers   Location Animated in Browser<br><br><https://www.geotab.com/blog/truth-behind-live-gps-tracking/><br><br>The reference describes sending a command to the transponder to execute a configurable operation upon receiving a command from a control center, the command being associated with a status of the entity in relation to the geographical zone. |

Comp., Ex. B at 7 (highlighting added).

Hence the claim limitation says the ***opposite*** of what WirelessWerx alleges the accused system itself does, making its infringement allegations impossible.  Such self-contradicting allegations mandate dismissal.  *See Bot M8*, 4 F.4th at 1354 ("Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim.  As we have said before, while a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has ***pleaded itself out of court***.") (un-bolded emphasis original).  Had WirelessWerx done a thorough pre-suit analysis—or any analysis at all—it would have realized that it cannot plausibly allege infringement based on evidence that shows the reverse of its claims.  At least, WirelessWerx did not conduct the reasonable pre-suit analysis the law requires.

Further, even if Geotab USA's GO devices were infringing (as discussed above, they do not), the patent would be invalid. Under WirelessWerx's allegations, the accused Geotab activity is tracking the GO device, uploading that information to a server, and displaying the device's route of travel on a map. Comp., Ex. B at 4-7. However, Geotab USA has been selling its GO devices as early as 1997, including materially similar functionality as it relates to the asserted claims in the accused Geotab products. For example, Geotab introduced its GO2 device in 2002, including a version with radio frequency or "RF" functionality to allow for wireless transfer of device location data to a database, and featuring the same type of route-of-travel mapping as WirelessWerx alleges meets "defin[ing] a geographical zone" limitation.[3] This Geotab activity predates the filing of application that issued as the '037 patent by years, as well as the earliest possible date to which WirelessWerx could claim priority.

It is black-letter law that courts use "the same test to determine anticipation and infringement," and "'[t]hat which infringes, if later, would anticipate if earlier.'" *Curver Luxembourg, SARL v. Home Expressions, Inc.*, 938 F.3d 1334, 1342 (Fed. Cir. 2019) (affirming Rule 12 dismissal of patent infringement claim), quoting *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009) ("[I]t has been well established for over a century that the same test must be used for both infringement and anticipation."). In other words, even if its infringement allegations were correct, ***WirelessWerx would have invalidated its own patent as anticipated by Geotab USA's accused products***. A plaintiff cannot plausibly allege infringement of an invalid patent. *Commil*, 720 F.3d at 1368 ("It is axiomatic that one cannot infringe an invalid patent."). Again, all of this

---

[3] *See* https://www.geotab.com/blog/geotab-go-device-past-present-future/ (Ex. C); https://web.archive.org/web/20041208221215/http://www.geotab.com/Downloads/index.htm, GEOTAB CHECKMATE User Manual at 38-44 (Exs. D-E).

1    information was publicly available pre-complaint, and a reasonable investigation would have

2    revealed these invalidity issues to WirelessWerx's counsel.

3            Under these standards, a reasonable party or attorney could not have thought that there was

4    a valid claim for infringement. WirelessWerx and Mr. Ramey thus improperly and in bad faith

5    ignored their responsibility to investigate the sufficiency of the complaint's allegations.

6

7        **B.     WirelessWerx's Attorney William P. Ramey, III's Pattern of Filing
                  and Maintaining Lawsuits in Bad Faith Further Justifies Sanctions.**

8            Courts in this district have previously sanctioned attorneys who repeatedly commit

9    improper acts. *See, e.g., Emrit v. Soc. Sec. Admin.*, No. 14-1760, 2015 WL 4597834 (D. Nev. July

10   29, 2015) (finding plaintiffs vexatious litigants where they had engaged in a "pattern of filing

11   complaints that fail to state valid claims"); *Jordan v. Plaza Home Mortg., Inc.*, No. 11-348, 2011

12   WL 4809274, at *6 (D. Nev. Oct. 7, 2011) (granting motion for sanctions where plaintiff's attorney

13   showed a pattern of "boilerplate complaints that make the same allegations regardless of the

14   specific facts in a case.").

15

16           WirelessWerx's counsel ***Mr. Ramey has been similarly and repeatedly sanctioned***—and

17   had attorneys' fees awarded against him—for various pleadings and discovery offenses in different

18   courts all over the country.  He has been sanctioned for ***the same failures to conduct adequate***

19   ***pre-filing investigations and failure to discover prior art products as here***. *See, e.g., ZT IP, LLC*

20   *v. VMware, Inc.*, No. 22-970, 2023 WL 1785769, at *2 (N.D. Tex. Feb. 6, 2023) (awarding

21   attorneys' fees where Mr. Ramey "conducted an inadequate investigation" and failed to find

22   "readily available public materials [which] show that [the allegedly infringing product] predates

23   the [asserted] patent"); *WPEM, LLC v. SOTI Inc.*, No. 18-156, 2020 WL 555545, at *6 (E.D. Tex.

24   Feb. 4, 2020) (awarding attorneys' fees where Mr. Ramey failed to discover another version of the

25   accused product that predates the asserted patent and finding that "a reasonable plaintiff

26

27

28

conducting even a minimally diligent *infringement* investigation would have at least reviewed the would-be-defendants' website to determine whether there were other products to accuse of infringement.") (emphasis original), *aff'd*, 837 F. App'x 773 (Fed. Cir. 2020); *NetSoc, LLC v. Chegg Inc.*, No. 18-10262, 2020 WL 7264162, at *5 (S.D.N.Y. Dec. 10, 2020) (awarding attorney's fees where "a reasonable investigation" would have revealed obvious errors); *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 17-41, 2017 WL 6559256, at *4-6 (E.D. Tex. Dec. 21, 2017) (awarding monetary sanctions for Mr. Ramey's failure to serve adequate infringement contentions, which made it "impossible for a defendant to determine the theory of infringement with any certainty.").

Mr. Ramey's behavior here is in line with his pattern of acting in bad faith.  This behavior includes failing to conduct a proper pre-filing investigation that would have revealed obvious infringement and/or invalidity issues.  Mr. Ramey also previously asserted ***this same patent and claim*** against another company, and agreed to dismiss the case shortly after the defendant filed a motion to dismiss similar to Geotab USA's.  *See WirelessWerx IP, LLC v. Raytheon Techs. Corp.*, No. 22-1059 (W.D. Tex.), Motion to Dismiss for Failure to State a Claim (Mar. 2, 2023, ECF No. 13); Reply to Response to Motion (Mar. 23, 2023, ECF No. 19); Notice of Voluntary Dismissal (June 5, 2023, ECF No. 25); Order re: 25 Notice of Voluntary Dismissal (June 6, 2023, ECF No. 26); all attached as Exhibits F-I.

Thus, not only has Mr. Ramey been sanctioned in prior cases, but he also failed to provide more detailed allegations on this specific patent even where similar allegations had been challenged previously.  Sanctions here would support Rule 11's goals, where "the imposition of such sanctions on abusive litigants [would be] useful to deter such misconduct." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990).  "District courts have inherent power to control their

8

dockets and may impose sanctions in the exercise of that power." *Reberger v. Gutierrez*, No. 21-1250, 2022 WL 18024720, at *5 (D. Nev. Dec. 30, 2022) (Silva, J.).  Such sanctions should include at least Geotab USA's reasonable attorneys' fees and costs in responding to the Complaint, the motion to transfer venue, and drafting its Rule 11 and 12 motion papers, which prior courts have awarded against Mr. Ramey and which Geotab USA is prepared to substantiate to the Court upon request.

## IV.    CONCLUSION

For the above reasons, Geotab USA respectfully requests that this Court find that WirelessWerx and its attorneys filed and maintained the complaint without a valid infringement claim, and award sanctions as the Court finds appropriate, including without limitation an award of Geotab USA's reasonable attorneys' fees and costs.

Respectfully submitted,

Date: December 4, 2023

James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*/s/ Michael A. Albert*
Michael A. Albert (*pro hac vice*)
Hunter D. Keeton (*pro hac vice*)
Susmita A. Gadre (*pro hac vice*)
malbert@wolfgreenfield.com
hkeeton@wolfgreenfield.com
sgadre@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

*Attorneys for Defendant Geotab USA, Inc.*

9

1

## **CERTIFICATE OF SERVICE**

2      The undersigned certifies that all counsel of record who are deemed to have consented to
3  electronic service are being served with a copy of this document via the Court's CM/ECF system
   on the below date. Any other counsel of record will be served via email and first-class mail.

4

5  Date: December 4, 2023                              /s/ Michael A. Albert
6                                                      Michael A. Albert

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28