# EXHIBIT G

**ECF No. 19 filed in *WirelessWerx IP LLC v. Raytheon Techs. Corp.*, No. 22-01059 (W.D. Texas) on March 23, 2023**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WIRELESSWERX IP LLC<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON TECHNOLOGIES CORPORATION,<br><br>Defendant. | Case No. 6:22-cv-01059-KC<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT RAYTHEON TECHNOLOGIES CORPORATION'S REPLY IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## STATEMENT OF ISSUES

1.       Where RTX's Motion argues that WirelessWerx has failed to forth a plausible claim for indirect infringement of the asserted patent, and where WirelessWerx's Response offers no rebuttal, should the Court dismiss the complaint at least as to WirelessWerx's claims of indirect infringement?

2.       Has WirelessWerx set forth a plausible claim for patent infringement against RTX, where WirelessWerx has failed to plausibly allege that RTX meets a material limitation of the asserted patent, which requires "sending a command"?

3.       Has WirelessWerx set forth a plausible claim for patent infringement against RTX, where WirelessWerx's complaint relies only on vague screenshots and conclusory statements that repeat the language of the asserted patent claims verbatim?

4.       Should WirelessWerx's request for leave to amend, which is not accompanied by a proposed amended complaint as required under Local Rule CV-7(b) or by description of any additional facts WirelessWerx would plead to cure the defects in its complaint, be denied?

I. INTRODUCTION

Besides its tacit agreement that its indirect infringement case should be dismissed, WirelessWerx's Response tries to save its Complaint not by relying on what is in the Complaint but on new explanation and reasoning found only in WirelessWerx's briefing. These new arguments are not allegations, are not part of the Complaint under scrutiny, and cannot be considered on a Rule 12(b)(6) motion to dismiss. Nevertheless, these new "allegations" *still* do not make out a plausible case against RTX. The Court should dismiss.

II. SUCCINCT STATEMENT OF RELEVANT FACTS

After RTX moved to dismiss under Rule 12(b)(6), WirelessWerx responded not by defending the content of its Complaint but by attempting to supplement it with new arguments and explanations nowhere contained in its Complaint. WirelessWerx also sought leave to amend its complaint, but without the supporting documentation required by Local Rule CV-7(b).

III. ARGUMENT

A. WirelessWerx Has Conceded Dismissal of Its Indirect Infringement Case

As set forth in RTX's Motion to Dismiss, the Complaint fails to provide a plausible case for indirect infringement by RTX because WirelessWerx does not identify any direct infringement by a third party—a necessary prerequisite for indirect infringement. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). WirelessWerx recognizes this argument, Dkt. No. 18 ("Resp.") at 2, but does not even attempt to respond. *See generally id.* at 1-10. WirelessWerx has thus conceded that dismissal of the Complaint is appropriate, at least as to WirelessWerx's allegations of indirect infringement. The Court should honor WirelessWerx's concession and abandonment by granting RTX's Motion.

B. WirelessWerx Cannot Identify Plausible Allegations to Support Its Case

The Court should also dismiss the remainder of the Complaint for the reasons in RTX's

Motion, as emphasized below.

### 1. RTX Does Not Seek an Analysis of the Merits, But a Reaffirmation That Screenshots and Conclusory Statements Parroting the Claim Language Are Not Enough

WirelessWerx creates as straw-man by focusing on legal standards prohibiting an evaluation of the merits of a Complaint's allegations on a motion to dismiss. *See* Resp. at 3-4. RTX is not asking the Court to dismiss the Complaint because it is not likely to succeed.[1] Rather, RTX asks the Court to evaluate the four corners of WirelessWerx's Complaint, to follow the Supreme Court's guidance in *Twombly* and *Iqbal* that conclusory statements are not enough to plead a plausible claim for relief, and to dismiss.

WirelessWerx also ignores the *Chapterhouse* case prominently cited throughout RTX's brief because that case is on all fours and stands for the proposition that a complaint with "supporting screenshots" and conclusory statements that the accused product includes the associated element of the asserted claim is not enough to make out a plausible case for patent infringement. *E.g.* Dkt. No. 13 ("Mot.") at 12-13; *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018). WirelessWerx's cited *Repairify* case does not help its Complaint because the *Repairify* plaintiff did far more than WirelessWerx or the plaintiff in *Chapterhouse*; the *Repairify* plaintiff made plausible, factual allegations *in addition to* the screenshots in its Complaint. *See Repairify, Inc. v. Keystone Auto. Indus., Inc.*, No. W-21-CV-00819-ADA, 2022 U.S. Dist. LEXIS 118254, at *14 (W.D. Tex. July

---

[1] WirelessWerx's Complaint is very unlikely to succeed, however, given RTX's clear non-infringement and invalidity defenses, as well as this Court's lack of subject-matter jurisdiction under 28 U.S.C. § 1498. *See* 28 U.S.C. § 1498(a) ("Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture….").

6, 2022) ("Here, the Complaint provides images of the accused product and service from Elitek's website with descriptions of the features of the device, in comparison with the claim language, with accompanying descriptions of where the elements of the claim are seen in publicly available materials describing the accused product and service.").

The issue is not the use of screenshots in a Complaint to make out a case of patent infringement. The issue is using *only* screenshots and conclusory statements to attempt to do so. Because that is all WirelessWerx did in its Complaint—even for the *material limitation* "sending a command," *see* Mot. at 8-11—the Complaint should be dismissed under *Twombly*, *Iqbal*, *Chapterhouse* and *Repairify*.

### 2. WirelessWerx's New "Allegations" Cannot Save Its Complaint

WirelessWerx's Response is mostly an addendum to its Complaint full of new explanations and arguments dressed as "allegations" about how RTX allegedly infringes the claims of the asserted patent. For example, WirelessWerx presents a paragraph of explanation about how RTX allegedly meets the "programing a microprocessor" limitation of the asserted patent, Resp. at 8, but WirelessWerx's Complaint shows only a screenshot of a phone without accompanying text and, in conclusory fashion, parrots the claim language as being described by "[t]he reference." *See* Dkt. No. 1-2 at 5. That is the extent of WirelessWerx's "allegations" in its Complaint. Unlike WirelessWerx's Response (Resp. at 8), there is nothing about "allow[ing] mobile users to track teamed cellular and satellite tracking devices," and there is nothing about a "custom street and topographic map interface," or the other matters argued for the first time in WirelessWerx's brief. The remainder of WirelessWerx's Response does the same for the other limitations in dispute. *See* Resp. at 5-7 ("sending a command"); *id.* at 8-9 ("loading from a computing device" and "sending a command"). Because none of these explanations and arguments are within the four corners of the Complaint, they cannot be considered on RTX's

- 3 -

Motion and cannot save WirelessWerx's Complaint. *Wilhite v. Harvey*, 861 F. App'x 588, 592 (5th Cir. 2021) ("New factual allegations in briefs are not appropriately considered on a motion to dismiss—our focus is on the allegations and materials referred to in the complaint itself.").

Nevertheless, even if considered, the new "allegations" still fail to state a plausible claim for relief. Using the "programming a microprocessor" limitation as an example again, WirelessWerx's new "allegations" still fail to explain *how* the features of RTX's accused product infringes by "programming a microprocessor in the transponder to define a geographical zone by creating an area on a pixilated image using said plurality of coordinates, wherein said area is representative of a geographical zone," as is required by the asserted patent. Instead, WirelessWerx "alleges" by deflection to irrelevant information about the linked Raytheon marketing webpage, which purportedly shows that "mobile users [can] track teamed cellular and satellite tracking devices using a custom street and topographic map interface that leverages Raytheon's dedicated map server to provide a secure visualization system." Resp. at 8. Still lacking is any connection of that "allegation" to what the patent claims require. Without a plausible factual allegation matching the features of the accused product to the elements of the asserted patent claims, WirelessWerx has failed to state a claim upon which relief can be granted. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.").

### C. Dismissal Should Be with Prejudice Because Amendment Is Futile

WirelessWerx should not be granted leave to amend (*see* Resp. at 10) for two reasons.

First, WirelessWerx neither submitted a proposed amended complaint as is required alongside its request to amend under Local Rule CV-7(b) nor described any additional facts it would plead to cure the defects in its Complaint, which is reason on its own to deny amendment.

- 4 -

*See Hourexchange, LLC v. Student Loan Benefits, Inc.*, No. 1:22-CV-00356-RP, 2023 U.S. Dist. LEXIS 3164, at *12 (W.D. Tex. Jan. 9, 2023) (denying plaintiff's request for leave to amend because plaintiff neither submitted a proposed amended complaint nor described any additional facts it would plead to cure the defects in its complaint). Indeed, WirelessWerx's request to amend is strikingly similar to the request for leave to amend in *Edionwe v. Bailey*, which the district court denied and the Fifth Circuit affirmed that denial. *Compare* Resp. at 10 *with Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) ("[I]f the Court is inclined to dismiss any portion of Plaintiff's complaint for failure to state a claim, Plaintiff requests leave of court to amend his complaint to cure the alleged pleading deficiencies identified by Defendants.").

Second, WirelessWerx has presumably made out its best case of patent infringement by the new "allegations" in its Response brief, and those allegations still fail the plausibility test as discussed above. Thus, WirelessWerx has demonstrated that any amendment would be futile.[2] This too is good reason to deny leave to amend. *Germanson v. Midland Mortgage*, No. SA-22-CV-00275-JKP, 2022 WL 1157903, at *2 (W.D. Tex. Apr. 19, 2022) ("A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or if amendment would be futile."); *see also Hourexchange*, 2023 U.S. Dist. LEXIS 3164, at *11 (leave to amend should be denied if amendment would be futile, that is if "it would fail to survive a Rule 12(b)(6) motion.").

## IV. CONCLUSION

RTX respectfully requests that the Court grant RTX's Motion, dismiss WirelessWerx's Complaint, and deny WirelessWerx's improper Response-brief request for leave to amend.

---

[2] WirelessWerx has also demonstrated the futility of any amendment by failing to address the falsity of the screenshots provided by WirelessWerx in its claim charts. *See* Mot. at 4 n.2. Any new screenshots or representations in an amended complaint are likely to be of equally dubious provenance.

- 5 -

Dated: March 23, 2023                          Respectfully Submitted,

By: /s/ Clifton S. Elgarten
Clifton S. Elgarten (W.D. Tex. Bar 9903217)
Vincent J. Galluzzo (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 624-2523
Fax: (202) 628-5116
celgarten@crowell.com

Anne Elise Herold Li (*pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

*Counsel for Raytheon Technologies Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2023, the foregoing was filed with the Clerk of Court using the Court's CM/ECF system, which will electronically mail notification of this filing to all counsel of record who are registered ECF users as authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Clifton S. Elgarten
Clifton S. Elgarten